United States District Court
District of Rhode Island

| David O'Connell, individually and on behalf of all others similarly situated, | § § § § | |
|---|---|---|
| Plaintiff, | § § | |
| v. | § § | Case no. |
| United States Conference of Catholic Bishops, | § § § | Class Action |
| Defendant. | § § | |

## Plaintiff's Original Class Action Complaint

# Table of contents

Preliminary statement ....................................................................................... 1

Jurisdiction and venue ..................................................................................... 2

Parties................................................................................................................ 2

Any applicable statutes of limitation are tolled........................................... 4

Factual allegations .......................................................................................... 5

      A.  USCCB specifically promotes Peter's Pence as a collection
          for emergency assistance to the neediest around the world ............................. 5

      B.  USCCB is keenly aware of the importance of accurate
          solicitations and honoring donor intent ..................................................... 9

      C.  Contrary to USCCB's representations, Peter's Pence donations
          are used for investments in real estate and Hollywood films
          rather than emergency assistance for the needy ................................................11

      D.  David O'Connell donated to Peter's Pence after USCCB told him
          his donation would be applied for emergency assistance .......................... 14

Class allegations ............................................................................................. 15

      A.  Numerosity ........................................................................................... 16

      B.  Commonality and predominance ...................................................... 17

      C.  Typicality .............................................................................................. 17

      D.  Adequacy ............................................................................................... 17

      E.  Declaratory and injunctive relief ...................................................... 18

      F.  Superiority ............................................................................................ 18

Claims for relief ............................................................................................. 19

Count I.   Fraud ......................................................................................... 19

      A.  USCCB made affirmative misrepresentations ................................ 19

      B.  USCCB fraudulently concealed material facts ............................... 20

Count II.  Unjust enrichment ................................................................. 21

Count III. Breach of fiduciary duty .........................................................22

Request for relief..................................................................................22

Demand for jury trial ...........................................................................23

1.     Plaintiff David O'Connell brings this action on behalf of himself and all others similarly situated, against Defendant United States Conference of Catholic Bishops ("USCCB"). Plaintiff alleges the following based upon information and belief, the investigation of counsel, and his personal knowledge of the factual allegations.

**Preliminary statement**

2.     Requests for charitable contributions must be scrupulously accurate. This is especially true when a powerful religious organization, already trusted by its members, asks them to donate money for specific charitable purposes—why would anyone ever suspect that the money would not be spent as promised?

3.     For years, USCCB has solicited and collected hundreds of millions of dollars in donations from parishioners of Catholic churches throughout Rhode Island and the United States as part of its "Peter's Pence" collection. USCCB consistently promotes this specific collection as necessary for helping those suffering the effects of war, oppression, natural disaster, or disease throughout the world, and who are thus in need of immediate relief.

4.     Regrettably and tragically, only a very small portion of this money—as little as 10%—has found its way to the needy for whom it was given. The rest of the money—hundreds of millions of dollars over the last several years—has been diverted into various suspicious investment funds, which in turn have funneled the money into such diverse ventures as luxury condominium developments and Hollywood movies while paying fund managers hefty, multi-million dollar commissions.

5.      At the urging of USCCB, David O'Connell gave to Peter's Pence at Sacred Heart Church in East Providence, Rhode Island, in order to help those in disaster-stricken parts of the world in immediate need of assistance. On behalf of himself and everyone else in Rhode Island and the United States, he now asks USCCB to come clean. Having collected hundreds of millions of dollars from faithful and well-meaning donors for the poor in immediate need of assistance, USCCB must now account for itself and the money with which it was entrusted, and, in the interests of justice, it must disgorge the funds that were not spent as it promised.

**Jurisdiction and venue**

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) because the Class consists of more than 100 members, the amount in controversy exceeds the sum or value of five million dollars exclusive of recoverable interest and costs, and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims of Plaintiff and the Class occurred in this District. Furthermore, venue is proper in this District because Plaintiff made a donation to Peter's Pence in this District at Sacred Heart Church in East Providence, Rhode Island.

**Parties**

8.      Defendant United States Conference of Catholic Bishops ("USCCB") is a District of Columbia non-profit corporation with its principal place of business at 3211

4th Street NE, Washington, DC 20017. It may be served with process through its non-commercial registered agent, Monsignor J. Brian Bransfield, at 3211 4th Street NE, Washington, DC 20017.

9.     Defendant USCCB is the episcopal conference of the Catholic Church in the United States. It is composed of all active and retired members of the Catholic hierarchy in the United States. USCCB is served by a staff of approximately 315 lay people, priests, deacons, and others located at its headquarters in Washington, DC.

10.     USCCB describes its purpose as "to promote the greater good which the Church offers humankind, especially through forms and programs of the apostolate fittingly adapted to the circumstances of time and place. This purpose is drawn from the universal law of the Church and applies to the episcopal conferences which are established all over the world for the same purpose."[1] In the United States, that includes the promotion, oversight, administration, and collection of coordinated charitable donation efforts throughout the country called "collections," including the Peter's Pence collection. USCCB regularly and routinely conducts business throughout the United States and Rhode Island, specifically including the promotion, oversight, administration and intake of donations through the Peter's Pence collection.

11.     USCCB, including its members, employees, subsidiaries, affiliates, volunteers, and agents, promoted, advertised, provided instructions for, administered, oversaw, and collected funds from donors throughout Rhode Island and the United States in connection with the Peter's Pence collection, and specifically within the Diocese of Providence and the Parish of Sacred Heart in East Providence.

---

[1] http://www.usccb.org/about/index.cfm (accessed December 23, 2019).

12.     Plaintiff David O'Connell resides in East Providence, Rhode Island. He made a donation to Peter's Pence at Sacred Heart Church in East Providence, Rhode Island.

13.     Plaintiff specifically reserves the right to amend this Complaint to name additional party defendants revealed by discovery or further investigation to have been involved with the diversion of donor funds from the Peter's Pence collection to purposes other than those promised.

**Any applicable statutes of limitation are tolled**

14.     Plaintiff and Class members did not discover and could not discover through the exercise of reasonable diligence that USCCB has been promoting and collecting donations to Peter's Pence for purposes other than those to which the funds were applied. Any statutes of limitation otherwise applicable to any claims asserted in this Complaint have thus been tolled by the discovery rule.

15.     Any applicable statutes of limitation have also been tolled by USCCB's knowing, active, and ongoing fraudulent concealment of the facts alleged herein. USCCB has known or should have known of the non-charitable applications of donations to Peter's Pence while it has been soliciting and collecting them. Thus, USCCB has effectively concealed from, and failed to notify, Plaintiff, Class members, and the public of the critical material fact that the vast majority of donations to Peter's Pence are not spent for the purpose promised to donors. Although it knew or should have known that donations to Peter's Pence are diverted to non-charitable purposes, USCCB did not acknowledge the problem, and in fact actively concealed it.

16.     USCCB was, and is, under a continuous duty to disclose to Plaintiff and Class members the true character and nature of the Peter's Pence collection, including the critical material facts that donations to Peter's Pence are not used as promised to help those in need of immediate relief from war, natural disaster, and oppression, but rather are diverted to other purposes. Instead, USCCB actively concealed the true character and nature of the Peter's Pence collection and made misrepresentations about the specified purposes of the collection. Plaintiff and Class members reasonably relied upon USCCB's concealment of these facts that rendered their statements misleading.

17.     Based on the foregoing, USCCB is estopped from relying on any statutes of limitation in defense of this action.

**Factual allegations**

### A.     USCCB specifically promotes Peter's Pence as a collection for emergency assistance to the neediest around the world

18.     Peter's Pence is a special collection taken from Catholics around the world every June. USCCB explains Peter's Pence as follows:

> The Peter's Pence Collection derives its name from an ancient custom. In ninth-century England[,] King Alfred the Great collected money, a "pence," from landowners as financial support for the Pope. Today, the Peter's Pence Collection supports the Pope's philanthropy by giving the Holy Father the means to provide emergency assistance to those in need because of natural disaster, war, oppression, and disease.[2]

19.     In the United States, it is USCCB that promotes and administers the Peter's Pence collection in coordination with dioceses, parishes, and churches across the

---

[2] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/index.cfm (accessed December 23, 2019).

country. As USCCB states: "The USCCB National Collections Committee oversees the promotion of the Peter's Pence Collection."[3]

20.     To do this, USCCB creates and distributes uniform promotional materials for specific use in parishes and dioceses. These include a social media tool kit, church bulletin inserts, letters from bishops, web ads, posters, and print ads, all freely downloadable from USCCB's website.[4]

21.     All of the Peter's Pence solicitation materials contain the same essential message, as stated in USCCB's sample church bulletin insert: "Donations to this collection support the charitable works of Pope Francis for the relief of those most in need."[5]

---

[3] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/index.cfm (accessed December 23, 2019).
[4] See generally http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/collection/ (accessed December 21, 2019).
[5] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/collection/2019/upload/pp-2019-bulletin-insert-bilingual.pdf (accessed December 21, 2019).

22.    This screenshot of USCCB's bulletin insert solicitation shows exactly how USCCB illustrates the purpose of Peter's Pence to prospective donors:[6]

> ### *How We Can Join Pope Francis and Be a Witness of Charity*
>
> By supporting the Peter's Pence Collection, you assist the charitable works of Pope Francis. Your generosity witnesses to charity and helps the Holy See reach out compassionately to those who are marginalized.
>
> For example, in the Dioceses of Embeder, Harar, and Mek in Ethiopia, people rely exclusively on subsistence farming and nomadic herding. The El Niño weather phenomenon worsened drought conditions in these regions, and the people fear a new famine that could be far worse than the 1984 famine that led to more than a million deaths in Ethiopia. But your support of the collection is helping the Holy Father to bring aid to the affected villages. Your donations have funded food and medicines that give the Ethiopian people a measure of relief and hope. Learn more by visiting *www.peterspence.va/opere*.

---

[6] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/collection/2019/upload/pp-2019-bulletin-insert-bilingual.pdf. (accessed December 21, 2019).

23.    USCCB's exemplar "bulletin announcements" have a similar, more abbreviated approach, accompanied by instructions for use before, during, and after the collection:[7]

### Bulletin Announcements—English

**Week Before the Collection**
Next week, we will take up the Peter's Pence Collection, which provides Pope Francis with the funds he needs to carry out his charitable works around the world. The proceeds benefit our brothers and sisters on the margins of society, including victims of war, oppression, and natural disasters. Please be generous. For more information, visit *www.usccb.org/peters-pence*.

**Week of the Collection**
Today is the Peter's Pence Collection, a worldwide collection that supports the charitable works of Pope Francis. Funds from this collection help victims of war, oppression, and natural disasters. Take this opportunity to join with Pope Francis and be a witness of charity to our suffering brothers and sisters. Please be generous today. For more information, visit *www.usccb.org/peters-pence*.

**Week After the Collection**
Thank you for your generous support in last week's Peter's Pence Collection! Our parish collected $[*amount*]. Our contributions, combined with those from our brothers and sisters around the world, will help Pope Francis provide essential relief to people in need. If you missed the collection, it is not too late to give! Visit *www.usccb.org/nationalcollections, and* click on the "How to Give" link.


24.    USCCB also furnishes specific instructions for Peter's Pence appeals to be read from the pulpit at church services:[8]

### Parish Appeal

(*Please read this text from the pulpit, or include it as part of your weekly announcements.*)

Today we take up the Peter's Pence Collection, which supports the charitable works of Pope Francis. Catholics around the globe support this collection to help the Holy Father reach out to people suffering in our world, especially those enduring the effects of war and violence, natural disasters, and religious persecution. Please be generous today.

---

[7] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/collection/2019/upload/pp-2019-bulletin-announcements.doc (accessed December 21, 2019).
[8] http://www.usccb.org/catholic-giving/opportunities-for-giving/peters-pence/collection/2019/upload/pp-2019-parish-appeal.doc  (accessed December 23, 2019).

25.     For those American Catholics inspired to research Peter's Pence directly from the Vatican website, the messages all reinforce that of the USCCB materials. The Vatican catalogues "works realized" by Peter's Pence, replete with images and elaborate descriptions of disaster relief undertaken in various countries (for example, Ecuador):[9]



**ECUADOR**

Thanks to Peter's Pence has begun a new reconstruction project after the earthquake that struck the coastal regions

In April 2016, an earthquake of 7.8 on the Richter scale hit the coastal area of Ecuador, located less than 200 kilometers from the capital Quito, causing - according to the UN Office for Humanitarian Affairs (OCHA) - 700 deaths, 12,000 injured, 50 thousand homeless.

After aid for the first emergencies, the Holy See started **a project for the reconstruction of houses, schools and public buildings** in the province of Manabì, the epicenter of the earthquake.

In fact, governments' data shows that the destroyed or damaged buildings exceed 2,000 units, over 600 of these are schools, while in many cities water, sewage and electricity networks have to be rebuilt.

The material damages amount to over 3 billion dollars.

**B.     USCCB is keenly aware of the importance of accurate solicitations and honoring donor intent**

26.     USCCB is well aware of the importance of transparency, accountability, accuracy, and honoring donor intent in connection with national collections like Peter's Pence. It has adopted specific guidelines for administering USCCB national collections in dioceses.[10] The guidelines discuss the importance of the proper use of promotional materials; they additionally have an extensive discussion about honoring donor intent.

---

[9] http://www.peterspence.va/en/opere-realizzate/ecuador.html (accessed December 21, 2019).

[10] http://www.usccb.org/_cs_upload/about/national-collections/collection-administration/43214_1.pdf. (accessed December 21, 2019).

Citing both Canon law and "civil laws observed within the United States," the guidelines "call for procedures that ensure donor funds are used for precise purposes intended in the donation appeal." In particular, USCCB guidelines state:[11]

> The national collections are required to adhere to the fundamental principle of "donor intent." For this reason, the following principles should be closely followed:[16]
>
> - Donors should be informed about the intended uses of donated resources.
> - Donors must be assured that gifts will be used for the purposes for which they were given.
>
> The principles and requirements of donor intent must be preserved throughout the entire collection process, from the announcement of the intention of the collection, through the safeguarding and delivering of funds, to the final use by the various collection Subcommittees of the USCCB, including the use and reporting by eventual recipient grantees. Diocesan bishops and parish pastors have a special obligation to be vigilant that the norms of both canon and civil law are followed in these instances.[17]

---

[11] http://www.usccb.org/_cs_upload/about/national-collections/collection-administration/43214_1.pdf (at p. 5) (accessed December 21, 2019) (footnotes from original document omitted in screenshot).

### C.     Contrary to USCCB's representations, Peter's Pence donations are used for investments in real estate and Hollywood films rather than emergency assistance for the needy

27.     Despite USCCB's assurances that it honors donor intent, and that donations to Peter's Pence are for the suffering in immediate need, it has recently become apparent that these donor funds are not being used for the purpose USCCB promises. On October 17, 2019, the Italian news magazine *L'Espresso* published a story sourced from secret internal Vatican investigative reports, as pictured in this screenshot:[12]



---

[12] http://espresso.repubblica.it/plus/articoli/2019/10/17/news/vaticano-obolo-san-pietro-1.340060  (accessed December 23, 2019).

28.     The *L'Espresso* story revealed that most of the Peter's Pence funds are diverted into "reckless speculative operations," with 77% of the collections—roughly $560 million—given to Credit Suisse, a Swiss-based investment company.[13] The story also detailed how an Italian financier named Raffaele Mincione was approached by a high-ranking Vatican official to make a $200 million investment, which Mincione used to purchase real estate in London for a luxury apartment development through a fund he managed. Eventually, when returns were less than projected, the Vatican pulled out of the fund and bought the entirety of the property, resulting in Mincione realizing almost $170 million in income.[14]

29.     On December 4, 2019, the Italian newspaper *Corriere della Sera* published additional details on the diversion of Peter's Pence funds.[15] This revealed that more than $1 million was invested in the Elton John biopic *Rocketman*, and more than $3.6 million in the film *Men in Black: International*.[16] Additionally, millions of dollars were invested in a Malta-based investment company called Centurion Global Fund run by an Italian financier named Enrico Crasso, who received "millions of euros in commissions" while losing 4.61% of the fund (approximately two million euros) by the end of 2018.[17]

---

[13] https://cruxnow.com/vatican/2019/10/leaked-documents-detail-200-million-vatican-deal-for-swanky-london-property/ (accessed December 22, 2019).

[14] https://cruxnow.com/vatican/2019/10/leaked-documents-detail-200-million-vatican-deal-for-swanky-london-property/ (accessed December 22, 2019).

[15] https://www.corriere.it/english/19_dicembre_04/vatican-invested-lapo-elkann-and-elton-john-film-72e070b0-16c0-11ea-b17e-02f19725a806.shtml?refresh_ce-cp (accessed December 22, 2019).

[16] http://www.ncregister.com/site/print/62807 (accessed December 22, 2019).

[17] http://www.ncregister.com/site/print/62807 (accessed December 22, 2019).

30. On December 11, 2019, the Wall Street Journal reported that only 10% of donations to the Peter's Pence collection actually go to charitable works.[18] Most of the money is used to plug holes in the Vatican's administrative budget, "[b]ut for at least the past five years, only about 10% of the money collected—more than €50 million was raised in 2018—has gone to the sort of charitable causes featured in advertising for the collection, according to people familiar with the matter."[19]

31. Asked in November about the reports of Peter's Pence being used for purposes other than charity, Pope Francis, according to the Catholic News Service, "said no one should be bothered by the fact that the Vatican invests the money it collects from Catholics around the world. 'The sum of Peter's Pence arrives and what do I do? Put it in a drawer? No, that's bad administration. I try to make an investment.'"[20]

32. But many reactions to news of the actual use of Peter's Pence were not accepting. Some commentators asked whether there was "a bait and switch at Peter's Pence," noting "the great disparity between how it is marketed and what the vast majority of the collection is actually used for."[21]

---

[18] https://www.wsj.com/articles/vatican-uses-donations-for-the-poor-to-plug-its-budget-deficit-11576075764 (accessed December 22, 2019).

[19] https://www.wsj.com/articles/vatican-uses-donations-for-the-poor-to-plug-its-budget-deficit-11576075764 (accessed December 22, 2019).

[20] https://www.catholicnews.com/services/englishnews/2019/financial-scandal-shows-vatican-reforms-are-working-pope-tells-media.cfm (accessed December 22, 2019).

[21] https://acton.org/publications/transatlantic/2019/12/13/bait-and-switch-peters-pence (accessed December 22, 2019); *see also* https://www.lifesitenews.com/opinion/catholics-should-be-outraged-at-vaticans-peters-pence-bait-and-switch (accessed December 23, 2019).

33.     Another commentator, writing in the *Catholic Herald*, noted this exchange between Francis X. Rocca, author of the *Wall Street Journal* article, and one Cardinal of the Catholic Church, shown in the following screenshot:[22]

On Twitter, Cardinal Wilfrid Napier of Durban noted, "According to information given to the Council for the Economy," of which he is a member, "the Pope's Petrine ministry extends beyond care of the poor". Napier went on to say, "Therefore, if the Peter's Pence Collection is taken up to support the Pope in his Petrine ministry, it is for a much wider purpose than simply care of the Poor."

Rocca replied: "Your Eminence, that is of course correct under the law. The problem is that the promotional material from the Vatican and local churches gives an entirely different impression, so people are giving under the misapprehension that the money goes mainly to the poor."

Cardinal Napier responded, "Then I think we have to say the promotional material is not accurate, misleading or even wrong, because it does not reflect the truth."

### D.     David O'Connell donated to Peter's Pence after USCCB told him his donation would be applied for emergency assistance

34.     David O'Connell regularly attends Sunday mass at Sacred Heart Church in East Providence, Rhode Island.  In the summer of 2018, during a Sunday mass in which he was solicited from the pulpit as directed by USCCB to help those in need of emergency relief, he made a cash donation to the Peter's Pence collection. Nothing he saw or heard, on that day or beforehand, told him or made him understand that his

---

[22] https://catholicherald.co.uk/commentandblogs/2019/12/15/what-the-peters-pence-furore-tells-us-about-vatican-financial-reform/ (accessed December 23, 2019).

donations to Peter's Pence would be used for anything other than emergency assistance to the neediest people around the world.

35.    Even if David O'Connell had slowly and carefully researched external sources such as the USCCB or Vatican websites, he would still reasonably be unaware that his donations to Peter's Pence would not be used entirely and exclusive for emergency assistance to the poor. He had no reason to suspect that the Peter's Pence collection was actually used for investments and other purposes rather than for emergency assistance, and USCCB's failure to inform them about this was material; if USCCB had disclosed this fact, David O'Connell would not have donated to the Peter's Pence collection.

36.    USCCB has always known the difference between a donation for emergency assistance and a donation to defray Vatican administrative expenses. But USCCB hid this distinction in its promotion, oversight, and administration of the Peters Pence collection in the United States, and, as a result, it has effectively profited at the expense of David O'Connell and the members of the public. David O'Connell donated money for specific charitable purposes, which USCCB directed into other, non-charitable purposes. All along, USCCB knew or should have known this was the likely result, but it promoted the Peter's Pence collection as a charitable effort meant only for the poorest of the poor regardless; accordingly, millions of donors across the country ended up in the exact same position as David O'Connell.

**Class allegations**

37.    Plaintiff David O'Connell seeks to represent the following Class:
All persons in the United States who donated money to the Peter's Pence

collection. Excluded from the Class are USCCB and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the Judge to whom this case is assigned and his/her immediate family.

38.     Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

39.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

40.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

**A.     Numerosity**

41.     Pursuant to Federal Rule of Civil Procedure 23(a)(1), the members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are millions of members of the Class, the precise number is unknown to him. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

**B.     Commonality and Predominance**

42.     Pursuant to Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3), this action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a) Whether USCCB engaged in the conduct alleged herein;

b) Whether USCCB's conduct violates common law as asserted herein;

c) Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

d) Whether Plaintiff and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

**C.     Typicality**

43.     Pursuant to Federal Rule of Civil Procedure 23(a)(3), Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through USCCB's wrongful conduct as described above.

**D.     Adequacy**

44.     Pursuant to Federal Rule of Civil Procedure 23(a)(4), Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

### E.    Declaratory and Injunctive Relief

45.    Pursuant to Federal Rule of Civil Procedure 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

### F.    Superiority

46.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against USCCB, so it would be impracticable for Class members to individually seek redress for USCCB's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**Claims for relief**

    **Count I.    Fraud**

47.    Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

    **A.    USCCB made affirmative misrepresentations**

48.    USCCB consistently, routinely, and uniformly solicited donations for the Peter's Pence collection as emergency assistance needed for victims of war, oppression, natural disaster, or disease throughout the world. By doing this, USCCB communicated to Plaintiff and to each Class member that any money they donated to Peter's Pence would be used exclusively for these purposes.

49.    This was a material representation, as USCCB knew that prospective donors would be inclined to donate to Peter's Pence if they believed their donations were urgently needed by people in dire circumstances.  And this was a false representation, because the donations were never going to be routed immediately to the needy, but rather were going to be diverted into investment funds and subsequently into purposes such as real estate, Hollywood films, and hefty commissions for fund managers.

50.    USCCB knew or should have known the representations were false and intended Plaintiff and Class members to rely on them. Plaintiff and Class members decided to donate to Peter's Pence based in part on the representations communicated to them by USCCB.

51.    But for USCCB's fraud, Plaintiff and the members of the Class would not have donated to the Peter's Pence collection. Plaintiff and the members of the Class have sustained damage because they contributed money for specific charitable purposes

which USCCB did not spend in accordance with its promises. Accordingly, USCCB is liable to Plaintiff and the members of the Class for damages in an amount to be proven at trial.

### B.   USCCB fraudulently concealed material facts

52.   USCCB consistently, routinely, and uniformly solicited donations for the Peter's Pence collection as emergency assistance needed for victims of war, oppression, natural disaster, or disease throughout the world. By doing this, USCCB communicated to Plaintiff and to each Class member that any money they donated to Peter's Pence would be used exclusively for these purposes.

53.   USCCB concealed and suppressed the fact that the donations were never going to be routed immediately to the needy, but rather were going to be diverted into investment funds and subsequently into purposes such as real estate, Hollywood films, and hefty commissions for fund managers. This was a material fact about which USCCB had or should have had knowledge, and that it concealed from Plaintiff and the members of the Class to mislead them.

54.   Plaintiff and the members of the Class did not know this fact and could not have discovered it through a reasonably diligent investigation.

55.   USCCB had a duty to disclose that donations to Peter's Pence would not be immediately spent on emergency assistance for the needy around the world because (1) USCCB had or should have had exclusive knowledge of the material, suppressed facts; (2) USCCB took affirmative actions to conceal the material facts, including by devising and implementing a promotional program for Peter's Pence that emphasized the need for emergency assistance for the poor; (3) USCCB made partial representations by

suggesting in promotional and solicitation materials that donations to the Peter's Pence collection are exclusively to aid the needy in dire circumstances around the world. Plaintiff and Class members decided to donate to Peter's Pence based in part on the representations communicated to them by USCCB's promotions and solicitations.

56.     But for USCCB's fraud, Plaintiff and the members of the Class would not have made donations to the Peter's Pence collection. Plaintiff and the members of the Class have sustained damage because they contributed money for specific charitable purposes which USCCB did not spend in accordance with its promises. Accordingly, USCCB is liable to Plaintiff and the members of the Class for damages in an amount to be proven at trial.

### Count II.     Unjust enrichment

57.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

58.     As described in detail in the factual allegations above, USCCB made false representations to Plaintiff and the members of the Class that resulted in their contributions of money for charitable purposes to their detriment.

59.     Under these circumstances as described above, USCCB has received money from Plaintiff and the members of the Class that USCCB, in equity and good conscience, ought not to retain.

60.     As a result, USCCB is liable in restitution to Plaintiff and the members of the Class to disgorge and remit to Plaintiff and the Class all monies contributed, in an amount to be proved at trial.

**Count III.   Breach of fiduciary duty**

61.   Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

62.   As described in detail in the factual allegations above, USCCB promoted, advertised, provided instructions for, administered, oversaw, and collected funds from donors throughout Rhode Island and the United States in connection with the Peter's Pence collection. USCCB owed Plaintiff and the members of the Class fiduciary duties in connection with its promotion, solicitation, and handling of all charitable contributions to the Peter's Pence collection.

63.   Under the circumstances described in detail above, USCCB breached its fiduciary duties to Plaintiff and the members of the Class by failing to ensure that the charitable contributions to the Peter's Pence collection were spent in accordance with USCCB's promises.

64.   As a result of USCCB's breaches of its fiduciary duties, Plaintiff and the members of the Class have sustained damages, and USCCB is liable to Plaintiff and the members of the Class for damages in an amount to be proved at trial.

**Request for relief**

65.   David O'Connell, individually and on behalf of the members of the Class, respectfully request that the Court enter judgment in their favor and against USCCB, as follows:

A.   Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

B.      An order temporarily and permanently enjoining Defendants from
        continuing the unlawful, deceptive, and fraudulent practices alleged in this
        Complaint;

C.      Injunctive relief;

D.      Costs, restitution, damages, and disgorgement in an amount to be
        determined at trial;

E.      An order requiring USCCB to pay both pre- and post-judgment interest on
        any amounts awarded;

F.      An award of costs and attorneys' fees; and

G.      Such other or further relief as may be appropriate.

**Demand for jury trial**

66.     Plaintiff hereby demands a jury trial for all claims so triable.

Dated:  January 22, 2020          Respectfully submitted,

/s/ *Peter N. Wasylyk*
Peter N. Wasylyk
Rhode Island Bar No. 3351
pnwlaw@aol.com
**LAW OFFICES OF PETER N. WASYLYK**
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401.831.7730
401.861.6064 (fax)

Marc R. Stanley (*pro hac vice* forthcoming)
marcstanley@mac.com
Martin Woodward (*pro hac vice* forthcoming)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expressway, Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)

*Counsel for Plaintiff and the Class*

24